## INVERNESS MEDICAL SWITZER-LAND GMBH and Unipath Diagnostics, Inc., Plaintiffs–Appellees,

v.

## MIZUHO USA, INC., Defendant–Appellant.

### No. 03–1390.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 3, 2003.

Before MAYER, Chief Judge, CLEVENGER, and PROST, Circuit Judges.

---

*ORDER*

PROST, Circuit Judge.

Inverness Medical Switzerland GmbH et al. moves to dismiss Mizuho USA, Inc.'s appeal. Mizuho opposes. Inverness replies. Mizuho surreplies.

On March 13, 2003, the United States District Court for the District of New Jersey issued an order of injunction against Mizuho. The injunction order was entered on March 14, 2003. The district court stated in its order that "entry of this Order is hereby conditioned upon Plaintiffs [Inverness] posting a bond." Inverness states that is has not posted a bond.

Inverness argues that the court should dismiss Mizuho's appeal because the preliminary injunction order appealed from was conditioned on the posting of a bond by Inverness. Inverness states that because it has not posted a bond, the injunction is not in effect and thus is not appealable under 28 U.S.C. § 1292(a)(1). Mizuho argues that its appeal is not premature because the time to file an appeal runs from the date of entry of the order that is appealed.

We deem that the better course is to vacate the injunction. At this point, an injunction has been entered by the district court, but it seemingly is not in effect because Inverness has not posted a bond. Should Inverness post a bond in the future, the district court of course would be free to reinstate the injunction. *See* Fed. R.Civ.P. 65(c) ("No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant.").

---

Accordingly,

IT IS ORDERED THAT:

(1) The district court's March 13, 2003 order is vacated.

(2) Inverness' motion to dismiss is moot.

(3) Each side shall bear its own costs.